UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEDRO TOMAS PEREZ PEREZ,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>ELAINE A. DUKE, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. C17-0249JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT |

## I.　INTRODUCTION

This is an Administrative Procedures Act ("APA") case arising out of the United States Citizenship and Immigration Services' ("USCIS") denial of Plaintiff Pedro Tomas Perez Perez's petition for a U nonimmigrant status permit ("U-visa"). Before the court is Mr. Perez's motion for summary judgment (MSJ (Dkt. # 17)) and Defendants Elaine A. Duke,[1] James McCament, Ron Rosenberg, and Laura B. Zuchowski's (collectively, "the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Elaine A. Duke became Acting Secretary of Homeland Security on July 31, 2017, and is therefore substituted for former

Government") cross-motion for summary judgment (Cross-MSJ (Dkt. # 24)). Having reviewed the papers filed in support and opposition to the motions and the administrative record (Dkt. # 14 ("AR")), the court DENIES Mr. Perez's motion for summary judgment (Dkt. # 17) and GRANTS the Government's cross-motion for summary judgment (Dkt. # 24). The court DISMISSES this administrative appeal for lack of subject matter jurisdiction.

## II. BACKGROUND

### A. Legal Framework for U-Visas

In 2000, Congress created the U nonimmigrant status to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute [certain crimes] . . . committed against aliens, while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States." Victims of Trafficking and Violence Protection Act of 2000 ("VTVPA"), Pub. L. No. 106-386, § 1513(a), 114 Stat. 1533-37. To be eligible for a U-visa, a petitioner must meet several criteria, including: (1) the petitioner has suffered "substantial physical or mental abuse" resulting from being a victim of a qualifying criminal activity; (2) the petitioner "possesses information concerning" the qualifying criminal activity; (3) the petitioner "has been helpful, is being helpful, or is likely to be helpful" to law enforcement authorities "investigating or prosecuting" the qualifying criminal activity; and (4) the qualifying criminal activity violating the laws of the United States occurred in the United States. 8 U.S.C.

---

Secretary John F. Kelly. Likewise, James McCament is now Acting Director of USCIS, and is therefore substituted for former Acting Director Lori Scialabba.

§ 1101(a)(15)(U)(i); 8 C.F.R. § 214.14(b). A qualifying criminal activity under the statute includes, in relevant part, "felonious assault," a criminal activity "involving" felonious assault, "or any similar activity in violation of Federal, State, or local criminal law." 8 U.S.C. § 1101(a)(15)(U)(iii); 8 C.F.R. § 214.14(a)(9). In the U-visa petition, the petitioner must include a Form I-918, Supplement B ("the certification"), which is:

> [A] certification from a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority investigating criminal activity described in section 1101(a)(15)(U)(iii) of this title. . . . This certification shall state that the alien "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of criminal activity described in section 1101(a)(15)(U)(iii) of this title.

8 U.S.C. § 1184(p)(1); *see also* 8 C.F.R. § 214.14(c)(2)(i). Under the regulations, "[i]nvestigation or prosecution refers to the detection or investigation of a qualifying crime or criminal activity." 8 C.F.R. § 214.14(a)(5).

USCIS is the agency responsible for determining and adjudicating U-visa eligibility. *See id.* § 214.14(c); *see generally* 72 Fed. Reg. 53,014 (Sept. 14, 2017). "USCIS has sole jurisdiction over all petitions for U nonimmigrant status." 8 U.S.C. § 214.14(c)(1). In addition, "USCIS will determine, in its sole discretion, the evidentiary value" of the evidence submitted with a U-visa application. *Id.* § 214.14(c)(4).

**B.     Factual Background**

Mr. Perez is a citizen of Mexico who resides in Lynwood, Washington. (Compl. (Dkt. # 1) ¶ 5.) Mr. Perez alleges that he was the victim of harassment from August 2009 to October 2011. (*Id.* ¶ 11; AR at 111.) Mr. Perez reported the harassment to the Renton, Washington Police Department on January 10, 2012. (AR at 110-11.) The basis for Mr.

Perez's harassment claim is that, in August 2009, Mr. Perez loaned Concepcion Reyes $20,000, to pay back with interest. (*Id.* at 111.) Then, on January 25, 2011, Mr. Perez loaned Luis Ulrich $30,000, also to pay back with interest. (*Id.*; *see also id.* at 132-37.) In March 2011, Mr. Perez started asking the two men to pay him back. (*Id.* at 111) In response, in March and October 2011, Mr. Ulrich "threatened to place [Mr.] Perez in Jail if he ke[pt] asking for his money back." (*Id.*) In early January 2012, Mr. Perez moved from Lynwood to Renton because he was afraid of Mr. Ulrich. (*Id.*) On January 8, 2012, Mr. Ulrich contacted Mr. Perez by phone, again telling Mr. Perez that "he was going to put [Mr.] Perez in jail." (*Id.*) Mr. Ulrich also told Mr. Perez that "he would make him disappear." (*Id.*) The Renton Police Department cited Mr. Perez's complaint under RCW 9A.46.020 for "Harassment," but ultimately determined that the allegations "were not defined enough . . . to file harassment charges against [Mr.] Ulrich." (*Id.* at 110-11.) The Renton Police Department was also unable to contact Mr. Reyes or Mr. Ulrich. The case report ended with the police noting, "[t]his report was generated for informational purposes only." (*Id.* at 111.) In addition to the police report, on January 13, 2012, Mr. Perez petitioned for anti-harassment orders against Mr. Reyes and Mr. Ulrich. (*See id.* at 112-30.) The petitions were unsuccessful because neither party could be served. (*E.g.*, *id.* at 128-30; Cross-MSJ at 7.)

On July 10, 2013, Mr. Perez submitted his U-visa petition to USCIS. (Compl. ¶¶ 1, 15; AR at 76-83, 167.) In addition to the main U-visa form—a Form I-918 Petition (AR at 76-83)—Mr. Perez sent USCIS other relevant documents, including a certification dated January 10, 2013 (*id.* at 84-86), a cover letter from Mr. Perez's attorney (*id.* at 94-

98), and records from the Renton Police Department (*id.* at 110-11) and the King County, Washington District Court (*id.* at 112-30).

On March 25, 2014, USCIS requested additional evidence from Mr. Perez, noting that the harassment referenced in Mr. Perez's application is not a qualifying crime under the U-visa regulations, "nor does the evidence provided with [Mr. Perez's] filing include sufficient information to indicate that the noted criminal activity is similar to those crimes." (*Id.* at 74-75.) Mr. Perez submitted additional evidence on June 18, 2014. (*Id.* at 165-74.) In his response, Mr. Perez acknowledged that harassment is not a qualifying crime. Mr. Perez argued, however, that he was the victim of "harassment activity [that] involved and/or was similar to extortion and stalking," and that the harassment activity "involved and/or was similar to felonious assault, an enumerated criminal activity, because it involved a threat to kill him." (*Id.* at 168.) On January 30, 2015, USCIS denied Mr. Perez's U-visa petition, finding that Mr. Perez and the evidentiary record failed to demonstrate that his crime of harassment is similar to a qualifying criminal activity. (*Id.* at 71-73.)

On February 25, 2015, Mr. Perez appealed to the USCIS Administrative Appeals Office ("AAO"). (*Id.* at 35-66.) Mr. Perez dropped his extortion and stalking arguments on appeal, focusing exclusively on the claim that he was the victim of criminal activity involving or similar to felonious assault. (*See id.* at 45-46.) The thread of his argument is that the Renton Police Department noted that Mr. Perez was the victim of general harassment, but the crime was actually felony harassment, which involves or is substantially similar to felony assault, which is a qualifying crime under the U-visa

regulations. (*See id.* at 45-46, 110-11.) Mr. Perez also submitted a new certification (*id.* at 39-41), which he argued demonstrated "that the criminal activity of Harassment was *DETECTED* by the Renton Police Department" (*id.* at 44). On September 25, 2015, the AAO dismissed the appeal because the harassment that Mr. Perez suffered is not a qualifying crime under the U-visa regulations. (*Id.* at 29-34.)

On October 28, 2015, Mr. Perez filed a motion to reconsider with the AAO. (*Id.* at 10-27.) Mr. Perez focused his motion on the idea that the Renton Police Department "at least *detected* felony harassment," even if it did not further investigate or prosecute the crime. (*Id.* at 24.) Mr. Perez recycled his argument from the previous proceedings that felony harassment involves or is substantially similar to the qualifying crime of felony assault. (*Id.* at 24-26.) On May 9, 2016, the AAO denied Mr. Perez's motion, incorporating its initial decision, and held that Mr. Perez "has not demonstrated that he was a victim of qualifying criminal activity." (*See id.* at 3-8.)

On February 17, 2017, Mr. Perez filed the present action. (*See* Compl.) Mr. Perez then filed a motion for summary judgment, alleging the following legal errors: (1) the Government failed to consider all credible evidence in the administrative record showing that the Renton Police Department "detected" felony harassment; (2) the Government improperly considered irrelevant evidence and evidence outside the record; (3) the Government failed to consider Mr. Perez's argument that the felony harassment he suffered "involved" a qualifying crime; and (4) the Government misinterpreted state law. (*See generally* MSJ.) The Government filed a cross-motion for summary judgment, claiming that the Government's administrative decision denying Mr. Perez's U-visa

petition is legally correct and supported by substantial evidence. (*See* Cross-MSJ at 1-2.) The Government also argues that the court lacks subject matter jurisdiction over this matter because USCIS's U-visa petition decisions are "discretionary and beyond judicial review." (*See id.* at 14-16.); 5 U.S.C. § 701(a)(2). The court now addresses the motions.

### III. ANALYSIS

**A.  Subject Matter Jurisdiction**

A court may ordinarily set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). There is a "strong presumption that Congress intends judicial review of administrative actions." *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1068 (9th Cir. 2015) (quoting *Helgeson v. Bureau of Indian Affairs*, 153 F.2d 1000, 1003 (9th Cir. 1998)) (internal quotation marks omitted). "This presumption is overcome only in two narrow circumstances," *Pinnacle Armor, Inc. v. United States,* 648 F.3d 708, 718-19 (9th Cir.2011): (1) where a "statute[] preclude[s] judicial review"; or (2) where an "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a). The U-visa statutes and regulations do not expressly preclude judicial review. *See* 8 U.S.C. §§ 1101(a)(15)(U), 1184(p); 8 C.F.R. § 214.14. The Government's argument, therefore, relies on Section 701(a)(2). (Cross-MSJ at 14-16.)

Section 701(a)(2) "is a very narrow exception . . . only applicable in those rare circumstances where statutes are drawn in such broad terms that in a given case there is no law to apply." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985) (internal quotation marks omitted). In determining whether an agency decision is within the Section 701(a)(2)

exception, courts consider "the language of the statute and whether the general purposes of the statute would be endangered by judicial review." *Cty. of Esmeralda v. Dep't of Energy*, 925 F.2d 1216, 1218 (9th Cir. 1991). "[T]he mere fact that a statute contains discretionary language does not make agency action unreviewable." *Pinnacle Armor*, 648 F.3d at 19 (quoting *Beno v. Shalala*, 30 F.3d 1057, 1066 (9th Cir. 1994)). "Even where statutory language grants an agency 'unfettered discretion,' its decision may nonetheless be reviewed if regulations or agency practice provide a 'meaningful standard' by which this court may review its exercise of discretion." *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 688 (9th Cir. 2003) (internal citation omitted). Judicial review of an agency's discretionary decision is excluded by Section 701(a)(2) only when "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler*, 470 U.S. at 830.

In the U-visa context, there is no judicially manageable standard by which a court can judge how USCIS should exercise its discretion. *See, e.g.*, *Mondragon v. United States*, 839 F. Supp. 2d 827, 829 (W.D.N.C. 2012). USCIS has "sole jurisdiction" over U-visa petitions and "sole discretion" to determine the evidentiary value of the petitioner's evidence when ruling on a petition. 8 C.F.R. §§ 214.14(c)(1), (4). U-visa determinations are "committed to USCIS' discretion by law." *See Catholic Charities CYO v. Chertoff*, 622 F. Supp. 2d 865, 880 (N.D. Cal. 2008), *aff'd* 368 F. App'x 750 (9th Cir. 2010). In the Ninth Circuit, courts "lack[] jurisdiction over the [USCIS'] determinations regarding U Visas." *Seo v. Holder*, 358 F. App'x 884 (9th Cir. 2009) (citing *Ramirez Sanchez v. Mukasey*, 508 F.3d 1254, 1555-56 (9th Cir. 2007) (per

curiam)). In addition, a district court within this Circuit recently surveyed U-visa cases and could not find "any federal court that has exercised jurisdiction over questions of a Petitioner's eligibility for a U-Visa." *Nsinano v. Sessions*, 236 F. Supp. 3d 1133, 1137 (N.D. Cal. 2017). Although Mr. Perez provided a number of cases generally supporting judicial review under the APA, he did not offer any cases where a court reviewed the agency's U-visa determination. (*See* Pl. Opp. & Reply (Dkt. # 27) at 3-7.)

The court is aware of the far-reaching language of *Spencer Enterprises*, saying that a court can review agency action even where the statute gives the agency "unfettered discretion." 345 F.3d at 688. The statute in *Spencer Enterprises*, however, differs from the statutes and regulations at issue here. In *Spencer Enterprises*, the statute provided that, if the petitioner for a different type of visa met the eligibility requirements, the agency "shall . . . approve the petition." 8 U.S.C. § 1154(b). The U-visa statutes and regulations simply do not provide a similar standard under which the court can review USCIS's action. *See, e.g.*, 8 U.S.C. § 1184(p)(4) ("*[A]s appropriate*, [USCIS] shall consider any credible evidence relevant to the petition." (emphasis added)). Even when a U-visa petitioner satisfies all of the statutory prerequisites, the petitioner is not automatically entitled to the U-visa. *See Ordonez Orosco v. Napolitano*, 598 F.3d 222, 226 (5th Cir. 2010).

The court therefore finds that it does not have subject matter jurisdiction to review USCIS's U-visa determinations. Accordingly, the court will not reach the parties' remaining arguments, and dismisses this administrative appeal for lack of subject matter jurisdiction.

## IV. CONCLUSION

The court DENIES Mr. Perez's motion for summary judgment (Dkt. # 17) and GRANTS the Government's cross-motion for summary judgment (Dkt. # 24). The court DISMISSES this administrative appeal for lack of subject matter jurisdiction.

Dated this 26th day of December, 2017.

JAMES L. ROBART
United States District Judge